LAUREL EMPLOYMENT LAW
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Arash S. Khosroshahi (State Bar No. 293246)
arash@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Attorney for Plaintiff,
MICHAEL A. LUCERO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL A. LUCERO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEMIRA WATER SOLUTIONS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive.<br><br>Defendants. | **Case No.: 5:26−cv−03539−JGB−ACCV**<br><br>*Assigned for all purposes to Hon. Jesus J. Bernal, Courtroom 1, 2nd Floor*<br><br>**PLAINTIFF MICHAEL A. LUCERO'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT; REQUEST FOR FEES AND COSTS**<br><br>Date: August 24, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Hearing Judge: Hon. Jesus J. Bernal<br>Removal Date: June 25, 2026 |

## I. INTRODUCTION

Kemira's opposition rests on the wrong legal benchmark. The question is not what Kemira subjectively believed based on pre-litigation settlement negotiations. **The question is whether the Complaint affirmatively revealed removability on its face when Kemira was served**. **It did.**

Kemira admits the Complaint alleged Plaintiff earned $120,000 annually, was terminated, and sought past and future lost earnings, employment benefits, emotional distress damages, unpaid wages, statutory penalties, civil penalties, restitution, attorneys' fees, prejudgment interest, punitive damages, costs, and other relief. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C; see also Defendant's Opposition, 4:18-21.) Kemira also admits it was served with the Complaint on April 24, 2026, and did not remove until June 25, 2026. (Khosrowshahi Decl., ¶¶ 6-8, Exs. C-D; Bambrick Decl. ISO Opp., ¶ 5.)

Kemira attempts to avoid the first 30-day clock by relying on a pre-litigation $55,000 settlement demand and later pre-suit negotiations. (Bambrick Decl. ISO Opp., ¶ 2; Urbanawiz Decl., ¶¶ 2-3.) **But those settlement discussions do not change what the Complaint revealed on its face.** Nor did they cap Plaintiff's damages after he filed a Complaint seeking uncapped lost earnings, emotional distress damages, penalties, fees, and punitive damages. Kemira's May 29, 2026, settlement demand argument fails for the same reason: **that demand confirmed removability; it did not create it.**

Because the Complaint triggered § 1446(b)(1), Kemira's June 25, 2026, removal was untimely. The Motion should be granted.

## II. KEMIRA'S PRE-LITIGATION SETTLEMENT VALUATION DOES NOT CONTROL THE § 1446(b)(1) ANALYSIS

Kemira's opposition repeatedly relies on its alleged "reasonable understanding" from pre-litigation settlement discussions. Kemira argues it "reasonably understood the amount in controversy to remain well below $75,000" when served with the Complaint because Plaintiff previously made a $55,000 pre-litigation demand and later discussed

resolving the matter for less. (Opp., 4:2-8; Bambrick Decl. ISO Opp., ¶ 2; Urbanawiz Decl., ¶¶ 2-3.) **<u>That is not the test.</u>**

Under *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690-91, 694 (9th Cir. 2005), the first 30-day clock turns on what the initial pleading affirmatively reveals on its face, not on the defendant's subjective knowledge, beliefs, or extrinsic valuation. *Harris* holds that notice of removability under § 1446(b) is determined by examining the "four corners" of the pleading and that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (*Id.* at 694, 695.)

Kemira's opposition confirms that it is asking the Court to look outside the Complaint to pre-litigation negotiations. But pre-complaint settlement discussions cannot defeat a Complaint that is **<u>removable on its face</u>**. *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010), is instructive, despite Kemira's reliance on it. There, the Ninth Circuit rejected the use of a pre-complaint demand letter as a trigger for the removal clock and refused to allow a pre-complaint document to operate together with an indeterminate pleading as a "hybrid" removal trigger. (*Id.* at 885-86.) If a pre-complaint document cannot trigger removability, Kemira should not be permitted to use a pre-complaint settlement position to negate removability that the Complaint itself revealed.

The pre-suit $55,000 demand was not a binding damages cap. It was not alleged in the Complaint. It was not a stipulation limiting recovery. And it did not alter the Complaint's allegations that Plaintiff earned $120,000 annually, was terminated, and sought lost earnings, emotional distress damages, statutory penalties, attorneys' fees, and punitive damages. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) Kemira's subjective reliance on earlier settlement negotiations is legally irrelevant to whether the Complaint triggered § 1446(b)(1).

///

///

## III. <u>THE COMPLAINT AFFIRMATIVELY REVEALED MORE THAN $75,000 IN CONTROVERSY</u>

Kemira tries to characterize Plaintiff's Complaint as alleging only "yearly salary" and "vague assertions" of damages. (Opp., 2:17-23.) That misstates the removal record. Plaintiff does not argue that salary alone triggered removal. The Complaint alleged a $120,000 annual salary, termination, lost earnings, employment benefits, emotional distress damages, unpaid wages, statutory penalties, civil penalties, restitution, attorneys' fees, prejudgment interest, punitive damages, costs, and other relief. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C; see also Opp., 4:18-21.)

Those allegations made it facially apparent that more than $75,000 was in controversy. Plaintiff was not a low-wage employee with an undefined injury. He was alleged to be a terminated employee earning $120,000 annually. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) The Complaint sought lost earnings and benefits, plus emotional distress, penalties, fees, and punitive damages. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) Kemira could have plausibly alleged the amount in controversy exceeded $75,000 within 30 days of service.

*Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), defeats Kemira's suggestion that it needed certainty or proof before removing. The Supreme Court held that a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, with evidence required only if the plaintiff contests the allegation or the court questions it. (*Id.* at 554.) Thus, the question is not whether Kemira could precisely calculate back pay, mitigation, emotional distress damages, punitive damages, or fees on April 24. The question is whether the Complaint provided enough for Kemira to plausibly allege more than $75,000 in controversy. It did.

Kemira's argument would require the Complaint to quantify damages before § 1446(b)(1) can run. That is not the law. The Complaint's concrete compensation allegation, termination allegation, and uncapped damages categories were sufficient to trigger the first 30-day period.

## IV. VALDEZ DOES NOT SAVE KEMIRA'S REMOVAL

Kemira cites *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115 (9th Cir. 2004), for the proposition that where the amount in controversy cannot be determined from the complaint, courts may consider evidence beyond the pleading. (Opp., 3:14-16.) That point does not help Kemira because **the Complaint did reveal removability.**

*Valdez* addressed a different issue. The complaint there sought "general damages in a sum in excess of $50,000" plus unspecified punitive damages, attorneys' fees, and other relief, and the removing defendant alleged "upon information and belief" that the amount in controversy exceeded $75,000. (*Id*. at 1116.) The Ninth Circuit held that the defendant's conclusory allegation was insufficient to prove the amount in controversy. (*Id*. at 1117.) *Valdez* was about whether the removing defendant had carried its burden to establish jurisdiction, not whether a complaint alleging a $120,000 annual salary, termination, lost earnings, emotional distress, penalties, attorneys' fees, and punitive damages triggered § 1446(b)(1).

If anything, *Valdez* undercuts Kemira's "speculation" argument. The Ninth Circuit recognized that quantifying intangible harm does not require predicting the ultimate award "with one hundred percent accuracy." (*Valdez*, 372 F.3d at 1117.) Kemira did not need exact damages calculations to remove. It needed a plausible amount-in-controversy allegation, and the Complaint supplied the necessary facts.

## V. THE MAY 29 DEMAND CONFIRMED REMOVABILITY; IT DID NOT CREATE IT

Kemira argues that the May 29, 2026, settlement demand was the first paper from which removability could be ascertained. (Opp., 4:8-15; Bambrick Decl. ISO Opp., ¶ 4.) That argument fails because the demand did not reveal a new jurisdictional fact necessary for removal. It confirmed the same amount-in-controversy theory already apparent from the Complaint: a six-figure salary, termination, lost earnings, emotional distress, penalties, attorneys' fees, and punitive damages.

///

The second removal window under § 1446(b)(3) applies **only if** the initial pleading is **not** removable. *Dietrich v. Boeing Co.*, 14 F.4th 1089 (9th Cir. 2021), explains that § 1446(b)(1) is the first pathway when the basis for removal is clear from the complaint, while § 1446(b)(3) is the second pathway when the initial pleading is not removable but a later paper first makes removability ascertainable. (*Id*. at 1090.)

Because the Complaint was removable on its face, Kemira cannot use the May 29 demand to restart or revive an expired deadline. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), confirms the same point. *Roth* held that a defendant may remove based on its own investigation only if it "has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3)." (*Id*. at 1123.) Here, Kemira lost the right to remove when it failed to remove within 30 days of being served with a Complaint that affirmatively revealed removability. (Khosrowshahi Decl., ¶¶ 6-8, Exs. C-D.)

Kemira's reliance on *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), does not change the analysis. *Cohn* holds that a settlement letter may be relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. (*Id*. at 840.) Plaintiff does not dispute that settlement communications can be relevant in an appropriate case. **The issue here is timing**. Where the Complaint already triggered the first 30-day clock, a later demand cannot cure an untimely removal.

## VII. ***ENBRIDGE*** **CONFIRMS THAT THE 30-DAY DEADLINE MUST BE ENFORCED**

Once § 1446(b)(1)'s 30-day clock began, Kemira had to comply with it. *Enbridge Energy, LP v. Nessel,* 608 U.S. ___ (2026), confirms that the 30-day deadline cannot be equitably tolled and that untimely removal requires remand. (slip op., at 14.) The Supreme Court emphasized that § 1446(b)(1)'s timing rule reflects Congress's interest in resolving removal questions early and conclusively. (*Id.* at 10.)

Kemira's opposition is essentially an equitable excuse: it says Kemira believed, based on pre-litigation settlement talks, that Plaintiff valued the case below $75,000.

(Opp., 4:2-8.) But § 1446(b)(1) does not turn on subjective belief, and *Enbridge* confirms that courts should enforce the statutory deadline once triggered. Kemira was served on April 24, 2026, and removed on June 25, 2026. (Khosrowshahi Decl., ¶¶ 6-8, Exs. C-D.) Because the Complaint triggered the first 30-day period, removal was untimely.

## VIII. PLAINTIFF'S REQUEST FOR FEES AND COSTS SHOULD BE GRANTED

Kemira argues fees should be denied under *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), because it had an objectively reasonable basis for removal. (Opp., 6:2-7:1.) *Martin* holds that, absent unusual circumstances, fees may be awarded where the removing party lacked an objectively reasonable basis for removal and should be denied where an objectively reasonable basis existed. (*Martin* 546 U.S. at 141.)

Here, Kemira's removal was not objectively reasonable because the Complaint disclosed the essential jurisdictional facts on its face. Kemira knew Plaintiff alleged a $120,000 annual salary, termination, lost earnings, emotional distress damages, penalties, attorneys' fees, and punitive damages. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) Plaintiff then met and conferred, explained the timeliness defect, and asked Kemira to stipulate to remand. (Khosrowshahi Decl., ¶ 9, Ex. E.) Kemira refused and relied on the position in its Notice of Removal. (Khosrowshahi Decl., ¶ 10, Ex. F.)

Kemira's fee argument again depends on treating the pre-suit $55,000 demand as though it capped the amount in controversy. It did not, and the case law makes this objectively clear. Nor did Plaintiff fail to disclose jurisdictional facts. The Complaint disclosed the facts Kemira needed to plausibly allege more than $75,000 in controversy. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) The later May 29 demand was a settlement valuation, not a newly discovered jurisdictional fact necessary to remove.

Plaintiff therefore respectfully requests fees and costs incurred as a result of the improper removal and this motion. (Khosrowshahi Decl., ¶¶ 11-13.)

///

///

## IX. CONCLUSION

Kemira's opposition asks the Court to decide timeliness based on pre-complaint settlement negotiations and Kemira's subjective valuation. Section 1446(b)(1) requires an objective inquiry into the Complaint. The Complaint alleged a $120,000 annual salary, termination, lost earnings, emotional distress damages, penalties, attorneys' fees, and punitive damages. (Khosrowshahi Decl., ¶¶ 3, 5, Exs. A, C.) That was enough for Kemira to plausibly allege more than $75,000 in controversy within 30 days of service.

Kemira did not remove until June 25, 2026. (Khosrowshahi Decl., ¶¶ 6-8, Exs. C-D.) The removal was untimely. The Court should grant Plaintiff's Motion to Remand and award Plaintiff just costs and actual expenses, including attorneys' fees, incurred as a result of removal.

DATED: August 7, 2026

**LAUREL EMPLOYMENT LAW**

_____________________________

Joshua I. White, Esq.
Arash S. Khosrowshahi, Esq.
Attorneys for Plaintiff,
MICHAEL A. LUCERO

**PROOF OF SERVICE**
**Michael Lucero v. Kemira Water Solutions, Inc., et. al.**
Case No.: **5:26−cv−03539−JGB−ACCV**
UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 808 Wilshire Boulevard, Suite 200, Santa Monica, CA 90401.

On August 7, 2026, I served the foregoing document(s) described as **PLAINTIFF MICHAEL A. LUCERO'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT; REQUEST FOR FEES AND COSTS** on all interested parties in this action as set forth below:

| | |
|---|---|
| Arash Khosrowshahi Esq.<br>Josh White, Esq.<br>LAUREL EMPLOYMENT LAW APC<br>808 Wilshire Blvd, Suite 200<br>Santa Monica, California 90401<br>arash@laurelemploymentlaw.com<br>josh@laurelemploymentlaw.com<br>kylegallego@laurelemploymentlaw.com<br>569b2ce39+matter1864425320@maildrop.clio.com<br><br>Attorneys for Plaintiff Michael Lucero | Scherwin, Todd<br>tscherwin@fisherphillips.com<br>Bambrick, Luke<br>lbambrick@fisherphillips.com<br>Gonzalez, Karla<br>kpgonzalez@fisherphillips.com<br>Stark, Amy<br>astark@fisherphillips.com<br>Fisher Phillips<br>444South Flower Street Suite 1500<br>Los Angeles, CA 90071<br><br>Attorneys for Defendant |

[X] **BY CM/ECF ELECTRONIC SERVICE:** Pursuant to the United States District Court for the Central District of California's General Order on Electronic Filing, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system. Service was accomplished on all counsel of record who are registered CM/ECF users through the Court's electronic transmission facilities. Transmission of the Notice of Electronic Filing constitutes service of the filed documents upon registered participants as identified on the CM/ECF filing receipt.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 7, 2026, at Los Angeles, California.

Kyle J. Gallego