JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3539 JGB (ACCVx)** | Date | August 12, 2026 |
| Title | ***Michael A. Lucero v. Kemira Water Solutions, Inc., et al.*** | | |

Present: The Honorable JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 11); and (2) VACATING the August 24, 2026 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Michael Lucero's motion to remand. ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** the Motion and **VACATES** the August 24, 2026 hearing.

## I. BACKGROUND

On April 2, 2026, Plaintiff Michael Lucero ("Lucero") filed a complaint in the Superior Court of California, County of San Bernardino against Defendant Kemira Water Solutions, Inc. ("Kemira"). ("Complaint," Dkt. No. 1-3.) Lucero alleges twelve causes of action: (1) age discrimination, (2) religions creed discrimination, (3) failure to prevent discrimination, (4) whistleblower retaliation under Labor Code section 1102.5, (5) whistleblower retaliation under Labor Code section 6310, (6) wrongful termination, (7) intentional infliction of emotional distress, (8) defamation, (9) negligent hiring, supervision, and retention, (10) failure to provide accurate itemized wage statements, (11) failure to maintain required payroll and employment records, and (12) unfair business practices. (Id.)

On April 24, 2026, Lucero served Kemira with the Complaint. ("Notice of Removal," Dkt. No. 1 ¶ 2.) On June 25, 2026, Kemira removed the action to this Court. (Id.)

On July 22, 2026, Lucero filed the Motion. (Mot.) Kemira opposed the Motion. ("Opposition," Dkt. No. 12.) Lucero filed a Reply in support of the Motion. ("Reply," Dkt. No. 13.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).

A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

### A. Kemira's Removal Was Untimely

The parties do not contest that diversity jurisdiction exists, but rather whether Kemira's removal was timely under 28 U.S.C. § 1446(b)(1). Lucero moves to remand, arguing that based on his Complaint it was facially apparent the amount in controversy exceeded the jurisdictional threshold of $75,000. (Mot. at 6–8.) Kemira argues that removability was not apparent from the face of the Complaint and it was not clear until Lucero made a settlement demand that this case involved damages exceeding $75,000. (Opp'n at 3–5.) The Court is unpersuaded by Kemira and finds its removal was untimely under 28 U.S.C. § 1446(b)(1).

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). The thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" from which it can determine that the case is removable. Id. at 1250. While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted).

Here, the Court finds that the prerequisites for diversity jurisdiction were satisfied when the Complaint was served on April 24, 2026. The factual allegations in Lucero's Complaint, along with the types of damages he is seeking, made it facially apparent that the amount in controversy exceeds the jurisdictional minimum of $75,000. Specifically, Lucero alleged that he was making an annual salary of $120,000 and is seeking to recover "general and special damages, including past and future lost earnings, employment benefits, and damages for emotional distress, humiliation, and mental anguish; [and] for unpaid wages according to proof at trial." (Compl. at 14.) While Lucero did not provide a specific jurisdictional amount, he does allege how much he made annually and when he was terminated. (See Compl. ¶¶ 10, 26.)

Pursuant to Lucero's wrongful termination claim, he is seeking past and future lost earnings and benefits. Based on the salary allegation alone, by April 2026, when Kemira was served, Lucero had been out of the job for seven months, and consequently, at least $78,000 in lost earnings were at stake in this litigation. See Rodriguez v. Boeing Co., No. CV 14-04265-RSWL, 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014) (emphasizing that "[a]lthough Plaintiff did not plead his specific salary, as a long-time employer of Plaintiff and aware of Plaintiff's position, Defendant should have known the approximate amount Plaintiff made each year" and thus could have multiplied his earnings by the number of months since Plaintiff's termination). Kemira argues that "[w]ithout meaningful specifics, Kemira could only speculate about the amounts of back pay and pay[.]" (Opp'n at 4.) But it is disingenuous to contend as much, given how easy it is to calculate lost earnings based on Lucero's $120,000 annual salary. The weakness in this assertion is underscored by Kemira's failure to cite any authority supporting this proposition. Moreover, Kemira spends most of its Opposition claiming it could not have known the amount in controversy exceeded $75,000 because pre-litigation settlement demands were below that amount. (Opp'n at 2–5.) But pre-litigation demands are not relevant to the removal inquiry. Carvalho v. Equifax Info. Services, LLC, 629 F.3d 876, 885 (9th Cir. 2010) ("If the second paragraph of section 1446(b) were meant to include as 'other paper' a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal 'be filed within thirty days after receipt by the defendant' of the 'other paper' would be nonsensical."). Just as the Court could ascertain a minimum floor of damages based on the salary allegation in the Complaint, Kemira could have applied "a reasonable amount of intelligence in ascertaining removability" in April 2026. Kuxhausen, 707 F.3d at 1140.

Lucero's factual allegations in the Complaint, along with the types of damages he seeks, made it facially apparent that the amount in controversy exceeds the jurisdictional amount of $75,000 and therefore the Complaint "affirmatively reveal[ed]" a basis for removal. Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005). Because the Complaint was served on April 24, 2026, and Kemira failed to remove the case until June 25, 2026, the removal was untimely under 28 U.S.C. § 1446(b)(1).

//

//

**B. Lucero is Not Entitled to Attorneys' Fees**

Lucero requests attorneys' fees on the grounds that Kemira "lacked an objectively reasonable basis to wait until June 25, 2026, to remove a case where the complaint alleged a $120,000 annual salary, 16+ years of employment, termination, lost wages, emotional distress, statutory penalties, attorneys' fees, and punitive damages." (Mot. at 10.)

To award fees to a prevailing party on remand, the Court must find that the original removal lacked any "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal). Removal is not objectively unreasonable solely because the removing party's arguments are unpersuasive and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc. 518 F.3d 1062, 1065 (9th Cir. 2008) (denying fees despite noting there was "no question" that the defendant's arguments "were losers"). Here, there is no basis to conclude that Kemira's removal was made with the bad faith courts have found necessary to justify imposition of costs and fees. See, e.g., Concept Chaser Co., Inc. v. Pentel of Am. Ltd., 2011 WL 4964963 at *3 (C.D. Cal. Oct. 18, 2011); Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004); Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Accordingly, Lucero's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Lucero's Motion to Remand (Dkt. No. 11), and **REMANDS** the case to the Superior Court of California, County of San Bernardino. The August 24, 2026 hearing is **VACATED**. The Clerk is directed to close the file. (JS-6)

**IT IS SO ORDERED.**